CARA F. BARRICK, CA Bar No. 303107
cara.barrick@ogletree.com
ANDREW M. MASSARA, CA Bar No. 282913
andrew.massara@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
One Embarcadero Center, Suite 900
San Francisco, CA  94111
Telephone:      415-442-4810
Facsimile:      415-442-4870

Attorneys for Defendant
SOUTHWEST AIRLINES CO.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SENEE ROBINSON,<br><br>          Plaintiff,<br><br>     v.<br><br>SOUTHWEST AIRLINES CO., a Texas corporation; and DOES 1-50, inclusive,<br><br>          Defendants. | Case No. <br><br>**DEFENDANT SOUTHWEST AIRLINES CO.'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1332, 1441, AND 1446**<br><br>Complaint Filed:  November 17, 2020<br>Trial Date:        None |

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF SENEE ROBINSON AND HER ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT defendant Southwest Airlines Co. ("Defendant" or "Southwest"), by and through the undersigned counsel, hereby removes the above-entitled action from the Superior Court of the State of California for the County of Santa Clara to the United States District Court for the Northern District of California pursuant to 28 U.S.C. Sections 1332, 1441 and 1446. This Court has original subject matter jurisdiction over Plaintiff's lawsuit under 28 U.S.C. § 1332(a) because complete diversity exists and the amount in controversy exceeds $75,000. In support of such removal, Defendant states as follows:

## I.    THE STATE COURT ACTION

1.    On or about November 17, 2020, Plaintiff Senee Robinson ("Plaintiff") commenced this action in the Superior Court of the State of California, County of Santa Clara ("Superior Court"), entitled *Senee Robinson v. Southwest Airlines Co.*, a Texas corporation, and Does 1-50 Inclusive designated as Case Number 20CV373548 ("Complaint").

2.    Plaintiff's Complaint alleges eight causes of action against Southwest: (1) Discrimination in Violation of the FEHA; (2) Retaliation in Violation of the FEHA; (3) Failure to Prevent in Violation of the FEHA; (4) Violation of California Labor Code § 246.5; (5) Violation of California Labor Code § 233; (6) Wrongful Termination in Violation of Public Policy; (7) Declaratory Relief; and, (8) Injunctive Relief.

3.    On January 5, 2021, Plaintiff served Southwest with the Complaint. True and correct copies of the Complaint and all documents served with the Complaint are attached hereto as **Exhibit A**.

4.    On or about February 3, 2021, Southwest filed and served its Answer to Plaintiff's Complaint. A true and correct copy of Southwest's Answer is attached hereto as **Exhibit B**.

5.    Exhibits A and B constitute all process, pleadings, and orders that have been served in the Superior Court action.

## II.    REMOVAL IS TIMELY

6.    If a complaint affirmatively reveals on its face the facts necessary for federal court jurisdiction, a defendant in a civil action must remove the action to federal court within 30 days after it is validly served with a summons and complaint. 28 U.S.C. § 1446(b)(1) ("[A] notice of removal may be filed within thirty days after receipt by defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable"); *see also Rea v. Michaels Stores, Inc.*, 742 F.3d 1234, 1237-38 (9th Cir. 2014);  *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (faxed file-stamped copy of complaint did not trigger removal period).  Here, Plaintiff served the Complaint on January 5, 2021.  Therefore, this removal is timely because it is made on or before February 4, 2021.

## III.    THIS COURT HAS ORIGINAL JURISDICTION

7.    As set forth below, this is a civil action of which the Court has original jurisdiction pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) and is one which may be removed by Defendant pursuant 28 U.S.C. § 1441.  This is a civil action where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states

### A.    Diversity of Citizenship Exists Because Plaintiff is a Citizen of California, Defendant is a Citizen of Texas, and the Citizenship of Doe Defendants Shall be Disregarded

8.    For diversity purposes, an individual's citizenship is determined by the individual's domicile. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  For diversity purposes, an individual's domicile is "her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter*, 265 F.3d at 857.

9.    Plaintiff alleges she was "a resident of the State of California" at "all times mentioned" in her Complaint.  Compl. ¶ 1.

10.    The citizenship of a corporation is both the state of its incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1).  When determining a corporation's principal place of business for purposes of diversity jurisdiction, courts refer to the place where a

1    corporation's officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v.*

2    *Friend,* 559 U.S. 77, 92-93 (2010).  The principal place of business is where the corporation

3    "maintains its headquarters – provided that the headquarters is the actual center of direction,

4    control and coordination." *Id.*

5          11.    Southwest was, at the time the action commenced in Superior Court, and still is,

6    incorporated in the State of Texas.  Compl. ¶ 2; Declaration of Jennifer Traylor ("Traylor Decl."), ¶

7    5.  Southwest was not, and is not, incorporated in the state of California.  Traylor Decl., ¶ 5, 7.

8    Southwest's principal place of business at the time of the filing of the Complaint was and is

9    currently, in Dallas, Texas.  *Id.*, ¶ 6.  Southwest's Dallas office is the company's center of

10    direction, control, and coordination.  *Id.*  Many of Southwest's executive and administrative

11    functions are performed at its corporate headquarters in Dallas.  *Id.*  Matters relating to Southwest's

12    finances, direction of general business strategy, compliance with laws and legal services, and

13    related corporate books and records are all controlled by personnel in the Dallas office.  *Id.*

14    Therefore, Southwest is (and was at all times relevant to the Complaint) a citizen of Texas, but not

15    California.

16          12.    "For purposes of removal … the citizenship of defendants sued under fictitious

17    names shall be disregarded."  28 U.S.C. § 1441(b)(1).  The inclusion of "doe" defendants in a state

18    court action thus has no effect on removability.  *Newcombe v. Adolf Coors, Co.*, 157 F.3d 686, 690

19    (9th Cir. 1998).  Therefore, Plaintiff's inclusion of DOES 1-50 has no impact on this Court's

20    diversity analysis.

21          13.    Because Plaintiff is a citizen of California, Defendant is a citizen of Texas, and the

22    Court must disregard the citizenship of Doe defendants, complete diversity among the parties exists

23    now, and did so at the time of the filing of this action on November 17, 2020.

24         **B.**    **The Amount in Controversy Exceeds $75,000, Exclusive of Interest and Costs**

25          14.    While Defendant denies any liability as to Plaintiff's claims, the amount in

26    controversy requirement is satisfied because the allegations in the Complaint make it "more likely

27

28

than not" that the amount in controversy exceeds the jurisdictional minimum.[1]  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996) (internal citation omitted).

15.    In this case, Plaintiff did not allege the amount in controversy.  Nevertheless, an action may still be removed if the defendant establishes, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional amount.  *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).  To establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount, the defendant must establish that it is "more likely than not" that the amount in controversy exceeds $75,000.  *Sanchez*, 102 F.3d at 403-04.

16.    In determining the amount in controversy, the Court must consider the aggregate of general damages, special damages, punitive damages and attorneys' fees.  *See Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (1977); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law); *Conrad Associates v. Hartford Acc. & Ind. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) ("amount in controversy" includes claims for general and special damages).

### Lost Earnings

17.    In her Complaint, Plaintiff prays to recover "loss of earnings."  Compl. Prayer, ¶ 5; *see also*, Compl. ¶¶ 17, 24, 32, 54 (alleging Plaintiff "has suffered … loss of salary and benefits").

18.    Plaintiff alleges her employment was terminated on or about December 7, 2018.  *See*, Compl. ¶ 6.  At the time of her termination, Plaintiff earned an hourly rate of $14.53 and occasionally worked overtime and double time.  Traylor Decl., ¶ 8.  From August 20, 2018 until December 7, 2018 (just under 16 weeks), Plaintiff earned gross wages of $11,392.02 or about $712

---

[1] By estimating the amounts Plaintiff may recover if she prevails, Defendant does not concede that Plaintiff will prevail on any of her claims or that, if she prevails, she is entitled to damages in any particular amount, or at all.  Defendant reserves the full right to dispute Plaintiff's claims with respect to both liability and damages.

per week or $2,848 per month.  *Id.*

19.     Assuming Plaintiff has not found new employment since the termination of her employment with Defendant, she puts at issue at least 26 months' worth of lost income to date (December 2018 through February 2021).  Furthermore, assuming this case takes at least one year from today's date to get to trial, should Plaintiff prevail on her claims, 38 months' worth of lost earnings could be put at issue.  Thus, Plaintiff's claim for lost earnings alone puts about $108,224 (38 x $2,848) in controversy.

20.     In addition to lost *past* earnings, a plaintiff who successfully alleges wrongful termination or discriminatory discharge generally seeks an award of lost *future* earnings.  *See, e.g.*, *Cassino v. Reichhold Chemicals, Inc.*, 817 F.2d 1338, 1346 (9th Cir. 1997) (stating that a court has discretion to award future lost wages); *James v. Childtime Childcare, Inc.*, 2007 WL 1589543, at *2 n.1 (E.D. Cal. June 1, 2007) (while courts evaluate the amount in controversy at the time of removal, future lost wages are properly considered in that calculation).  Conservatively assuming that Plaintiff seeks to recover just twelve months of lost future wages, her claim for future lost wages puts an additional $34,176 (12 x $2,848) in controversy.

## Emotional Distress

21.     Plaintiff also seeks compensation for general damages (Compl. Prayer, ¶ 1) and alleges she "has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms" that she claims "she will continue to experience" for a "period in the future not presently ascertainable."  Compl. ¶¶ 18, 25, 33, 40, 49.  While she does not state a specific amount of damages for emotional distress, "the vagueness of plaintiff's pleadings with regard to emotional distress damages should not preclude the court from noting these damages are potentially substantial." *Richmond v. Allstate Ins. Co.*, 897 F.Supp. 447, 450 (S.D. Cal. 1995) (holding that the plaintiff's failure to make explicit demands did not prevent satisfaction of amount in controversy).  A review of jury verdicts in California demonstrates that emotional distress awards in cases similar to Plaintiff's commonly exceed $75,000.  *See, e.g., Pirouzkar v. Regents of the University of California,* No. BC232698, 2002 WL 31458178 (Cal. Super. April 29, 2002) (verdicts and settlements) (award of $1,750,000 in general

damages for plaintiff alleging discrimination and wrongful discharge); *Anderson v. American Airlines,* 352 Fed. Appx. 182, 183 (9th Cir. 2009) (award for emotional distress damages of $1 million upheld in single-plaintiff employment discrimination case).  Thus, Plaintiff's claimed emotional distress damages alone are likely to satisfy the amount in controversy requirement for removal.

### Punitive Damages

22.     Plaintiff further claims entitlement to punitive damages. Compl., Prayer ¶ 3. Requests for punitive damages must be taken into account in ascertaining the amount in controversy. *Davenport v. Mutual Ben. Health & Acc. Ass'n, supra,* 325 F.2d at 787; *see also Romo v. FFG Ins. Co.,* 397 F. Supp. 2d 1237, 1240 (C.D. Cal. 2005) ("in an amount in controversy inquiry for diversity purposes, punitive damages, where authorized, are counted toward the requirement").  For amount in controversy purposes, the court must conclude that Plaintiff will prevail on her claim for punitive damages. *See, Richmond v. Allstate Ins. Co.,* 897 F. Supp. 447, 449-50 (S.D. Cal. 1995) (amount in controversy includes potential recovery of punitive damages award).  Thus, assuming even a modest punitive damages award equal to compensatory damages, a potential punitive damages award is more than sufficient to establish the $75,000 amount in controversy requirement.

### Attorneys' Fees

23.     Plaintiff also seeks attorneys' fees.  Compl., Prayer ¶ 6.  Requests for attorneys' fees must be taken into account in ascertaining the amount in controversy.  *Galt G/S,* 142 F.3d at 1156 (claims for statutory attorneys' fees to be included in the amount in controversy, regardless of whether award is discretionary or mandatory).  The measure of attorneys' fees for determining the amount in controversy "should be the amount that can reasonably be anticipated at the time of removal, not merely those [fees] already incurred." *Simmons v. PCR Tech.,* 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002).  Here, Southwest anticipates that the parties will propound written discovery and that depositions will be taken; and that ultimately Southwest will file a Motion for Summary Judgment/Adjudication.  Preparing for and responding to these actions is likely to trigger significant attorneys' fees.  Indeed, attorneys' fee awards in single-plaintiff wrongful termination

actions frequently exceed $75,000. *See, e.g., Jalomo v. HRO Systems, Inc.,* 23 Trials Digest 3d 65, 1999 WL 1069181 (Cal. Super. July 15, 1999) (verdicts and settlements) (award of $160,050 in attorneys' fees in single-plaintiff discrimination and wrongful termination case); *Crawford v. DIRECTV Inc.,* 2010 WL 5383296 (Cal. Super. Sept. 29, 2010) (verdicts and settlements) (award of $159,762.50 for attorneys' fees in single-plaintiff discrimination and wrongful termination case). Therefore, although the availability of attorneys' fees will likely be an issue in dispute, if Plaintiff prevails on her claims, she will claim that she is entitled to an award of attorneys' fees that itself would "more likely than not" exceed $75,000.

## IV.    SATISFACTION OF REQUIREMENTS OF 28  U.S.C. § 1446

24.    In accordance with 28 U.S.C. § 1446(a), this Notice of Removal is filed in the District Court of the United States in which the action is pending.

25.    This Court is the proper venue because it is in the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

26.    In accordance with 28 U.S.C. § 1446(a), this Notice of Removal is accompanied by Exhibit A, which are copies of all process, pleadings, and orders served on Defendant.

27.    In accordance with 28 U.S.C. § 1446(b), Defendant's Notice of Removal was filed within the requisite time period after the initial service of the Complaint on Defendant on January 5, 2021.

28.    In accordance with 28 U.S.C. § 1446(d), Defendant will give written notice of the original removal of this action to Plaintiff via her counsel, and file a copy of that Notice with the Santa Clara County Superior Court.

## V.    INTRADISTRICT ASSIGNMENT

29.    Pursuant to Local Rule 3-2(e), Removal and Intradistrict Assignment to the San Jose Division of this Court is proper because the civil action arises in Santa Clara County.

## VI.    PRAYER FOR REMOVAL

30.    WHEREFORE, Defendant prays for removal of the above-entitled action from the Superior Court of the State of California, County of Santa Clara, to this Court.  Defendant respectfully requests that this Court exercise its removal jurisdiction over this action pursuant to 28

U.S.C. §§ 1332, 1441, and 1446 because this civil action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

31.     In the event this Court has a question regarding the propriety of this Notice of Removal, Defendant requests that it issue an Order to Show Cause so that it may have an opportunity to more fully brief the Court on the basis for this removal.


DATED:  February 4, 2021                              OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.



                                                      By:  */s/ Cara F. Barrick*_____
                                                           CARA F. BARRICK
                                                           ANDREW M. MASSARA

                                                      Attorneys for Defendant
                                                      SOUTHWEST AIRLINES CO.

                                                                                    45888939.1

# EXHIBIT A

E-FILED
11/17/2020 10:23 AM
Clerk of Court
Superior Court of CA,
County of Santa Clara
20CV373548
Reviewed By: D Harris

**BROCK & GONZALES, LLP**
6701 CENTER DRIVE WEST, STE. 610
LOS ANGELES, CA 90045
Tel: (310) 294-9595
Fax: (310) 961-3673
D. AARON BROCK, STATE BAR NO. 241919
CHRISTOPHER P. BRANDES, STATE BAR NO. 282801

**Attorneys for Plaintiff**
Senee Robinson

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SANTA CLARA

SENEE ROBINSON, an individual,

        Plaintiff,

   vs.

SOUTHWEST AIRLINES CO., a Texas corporation; and
DOES 1-50, inclusive,

        Defendants.

Case No.: 20CV373548

**PLAINTIFF'S COMPLAINT FOR DAMAGES FOR:**

  **(1) DISCRIMINATION IN VIOLATION OF THE FEHA;**

  **(2) RETALIATION IN VIOLATION OF THE FEHA;**

  **(3) FAILURE TO PREVENT IN VIOLATION OF THE FEHA;**

  **(4) VIOLATION OF CALIFORNIA LABOR CODE § 246.5;**

  **(5) VIOLATION OF CALIFORNIA LABOR CODE § 233;**

  **(6) WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;**

  **(7) DECLARATORY RELIEF; and**

  **(8) INJUNCTIVE RELIEF.**

**DEMAND FOR JURY TRIAL**

1

COMPLAINT

1    Plaintiff, SENEE ROBINSON, hereby brings her employment complaint, demanding a

2  trial by jury, against the above-named Defendants and states and alleges as follows:

3                              **THE PARTIES**

4    1.    At all times mentioned herein, Plaintiff, SENEE ROBINSON, was an individual and

5  a resident of the State of California.

6    2.    At all times mentioned herein, Defendant SOUTHWEST AIRLINES CO. was a

7  Texas corporation, doing business in the State of California, County of Santa Clara at 1701

8  Airport Boulevard, Suite 203, San Jose, California 95110. At the time the causes of action arose,

9  Defendants SOUTHWEST AIRLINES CO. and/or DOES 1 through 50 were Plaintiff's

10  employer(s).

11    3.    The true names and capacities, whether individual, corporate, associate or otherwise

12  of DOES 1 through 50 are unknown to Plaintiff who therefore sues these defendants under said

13  fictitious names. Plaintiff is informed and believes that each of the defendants named as a Doe

14  defendant is legally responsible in some manner for the events referred to in this Complaint, is

15  either negligently, willfully, wantonly, recklessly, tortiously, strictly liable, statutorily liable or

16  otherwise, for the injuries and damages described below to this Plaintiff. Plaintiff will in the

17  future seek leave of this court to show the true names and capacities of these Doe defendants

18  when it has been ascertained.

19    4.    Plaintiff is informed and believes, and based thereon alleges, that each defendant

20  acted in all respects pertinent to this action as the agent of the other defendants, carried out a

21  joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each

22  defendant are legally attributable to the other defendants.

23    5.    Hereinafter in the Complaint, unless otherwise specified, reference to a Defendant or

24  Defendants shall refer to all Defendants, and each of them.

25                              **ALLEGATIONS**

26    6.    Plaintiff, who is African-American, worked for Defendant from on or about August

27  20, 2018 until Defendant wrongfully terminated her employment on or about December 7, 2018.

2

**COMPLAINT**

28

1      7.  Plaintiff worked for Defendant in the position of Customer Service Agent. At all

2  times, Plaintiff was a good employee.

3      8.  On or about October 10, 2018, Plaintiff made a complaint that her manager was

4  discriminating against her and/or creating a hostile work environment on account of race.

5  Immediately thereafter, Plaintiff was subjected to a barrage of retaliatory disciplinary write-ups.

6      9.  .On or about November 25, 2018, Plaintiff received notice that her father suffered a

7  stroke and was in the hospital. The next day, Plaintiff learned that her mom suffered a stroke and

8  was on life support. Plaintiff notified Defendant of her parents' medical condition and requested

9  to use accrued sick time to miss work to care for them.

10      10.  Plaintiff returned to work on or about December 7, 2018. That same day, Defendant

11  terminated Plaintiff's performance, purportedly for attendance and performance.

12      11.  Plaintiff is informed and believes, and based thereon alleges, that Defendant's reason

13  for termination is false and/or pretext. Plaintiff is informed and believes, and based thereon

14  alleges, that Defendant terminated Plaintiff's employment in retaliation for Plaintiff's complaints

15  of race discrimination and/or because she took sick leave to care for her parents.

16                       **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

17      12.  November 29, 2019, Plaintiff filed charges against Defendants with the California

18  Department of Fair Employment and Housing ("DFEH"). The DFEH immediately closed

19  Plaintiff's cases to allow Plaintiff to pursue her civil remedies under the Fair Employment

20  Housing Act ("FEHA") and issued Plaintiff a "Right-To-Sue" letter that same day. This

21  Complaint is timely filed pursuant to that letter.

22                             **FIRST CAUSE OF ACTION**

23             **DISCRIMINATION IN VIOLATION OF THE FEHA**

24                      **(Against ALL Defendants)**

25      13.  Plaintiff restates and incorporates by this reference as if fully set forth herein

26  paragraphs 1 through 12 of this Complaint.

27

28

BROCK&
GONZALES
B&G

1       14. At all times herein mentioned, California <u>Government Code</u> § 12940 et seq., the Fair

2 Employment and Housing Act ("FEHA"), was in full force and effect and was binding on

3 Defendants, as Defendants regularly employed five or more persons.

4       15. California <u>Government Code</u> § 12940(a) requires Defendants to refrain from

5 discriminating against any employee on the basis of race and/or association with a disabled

6 person.

7       16. Defendants discriminated against Plaintiff on account of race and/or her association

8 with her disabled parents in violation of the FEHA.

9       17. As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered

10 actual, consequential and incidental financial losses, including without limitation, loss of salary

11 and benefits, and the intangible loss of employment related opportunities in her field and damage

12 to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff

13 claims such amounts as damages pursuant to California <u>Civil Code</u> § 3287 and/or § 3288 and/or

14 any other provision of law providing for prejudgment interest.

15       18. As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and

16 continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well

17 as the manifestation of physical symptoms. Plaintiff is informed and believes, and thereupon

18 alleges, that she will continue to experience said physical and emotional suffering for a period in

19 the future not presently ascertainable, all in an amount subject to proof at the time of trial.

20       19. As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to

21 hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to

22 incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys'

23 fees and costs under California <u>Government Code</u> § 12965(b).

24       20. The actions taken against Plaintiff were carried out and ratified by officers and

25 managers of Defendants. In addition, Defendants had in place policies and procedures that

26 specifically prohibited discrimination based on age and required Defendants' managers, officers,

27 and agents to prevent age discrimination. However, Defendants chose to consciously and

28

<div align="center">4<br/><strong>COMPLAINT</strong></div>

B&G | BROCK &amp; GONZALES

1   willfully ignore said policies and procedures and therefore, their outrageous conduct was

2   fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff

3   and the rights and duties owed by each Defendant to Plaintiff.  Each Defendant aided, abetted,

4   participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged

5   above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each

6   Defendant in an amount to be established that is appropriate to punish each Defendant and deter

7   others from engaging in such conduct in the future.

## SECOND CAUSE OF ACTION

### RETALIATION IN VIOLATION OF THE FEHA

#### (Against ALL Defendants)

11      21.  Plaintiff restates and incorporates by this reference as if fully set forth herein

12   paragraphs 1 through 20 of this Complaint.

13      22.  At all times herein mentioned, the FEHA was in full force and effect and were

14   binding on Defendants, as Defendant regularly employed five or more persons. The FEHA

15   makes it unlawful for any person to retaliate against an employee who has opposed a

16   discriminatory practice.

17      23.  The conduct as alleged above constituted unlawful retaliation in violation of the

18   FEHA.

19      24.  As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered

20   actual, consequential and incidental financial losses, including without limitation, loss of salary

21   and benefits, and the intangible loss of employment related opportunities in her field and damage

22   to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff

23   claims such amounts as damages pursuant to California Government Code § 3287 and/or § 3288

24   and/or any other provision of law providing for prejudgment interest.

25      25.  As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and

26   continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well

27   as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon

28

1  alleges that she will continue to experience said physical and emotional suffering for a period in

2  the future not presently ascertainable, all in an amount subject to proof at the time of trial.

3      26.  As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to

4  hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to

5  incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys'

6  fees and costs under California Government Code § 12965(b).

7      27.  The actions taken against Plaintiff were carried out and ratified by officers and

8  managers of Defendants. In addition, Defendants had in place policies and procedures that

9  specifically prohibited retaliation and required Defendants' managers, officers, and agents to

10  prevent retaliation. However, Defendants chose to consciously and willfully ignore said policies

11  and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive,

12  and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by

13  each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified,

14  and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be

15  awarded exemplary and punitive damages against each Defendant in an amount to be established

16  that is appropriate to punish each Defendant and deter others from engaging in such conduct in

17  the future.

18  ### THIRD CAUSE OF ACTION

19  ### FAILURE TO PREVENT IN VIOLATION OF THE FEHA

20  **(Against ALL Defendants)**

21      28.  Plaintiff restates and incorporates by this reference as if fully set forth herein

22  paragraphs 1 through 27 of this Complaint.

23      29.  At all times mentioned herein, California Government Code Sections 12940, et seq.,

24  including but not limited to Sections 12940 (j) and (k), were in full force and effect and were

25  binding upon Defendants and each of them.  These sections impose on an employer a duty to

26  take immediate and appropriate corrective action to investigate end discrimination and

27

28

B&G | BROCK & GONZALES

retaliation, and take all reasonable steps necessary to prevent discrimination and retaliation from occurring.

30. Defendants failed to take immediate and appropriate corrective action to end the discrimination and retaliation.

31. In failing and/or refusing to take immediate and appropriate corrective action to end the discrimination and retaliation, and in failing and/or refusing to take and or all reasonable steps necessary to prevent discrimination and retaliation from occurring, Defendants violated California Government Code § 12940 (j) and (k), causing Plaintiff to suffer damages as set forth above.

32. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

33. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

34. As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

35. The actions taken against Plaintiff were carried out and ratified by officers and managers of Defendants. In addition, Defendant had in place policies and procedures to prevent

7
**COMPLAINT**

1  discrimination and retaliation. However, Defendants chose to consciously and willfully ignore

2  said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious,

3  oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties

4  owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized,

5  ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should,

6  therefore, be awarded exemplary and punitive damages against each Defendant in an amount to

7  be established that is appropriate to punish each Defendant and deter others from engaging in

8  such conduct in the future.

9  <div align="center">**FOURTH CAUSE OF ACTION**</div>

10  <div align="center">**VIOLATION OF CALIFORNIA LABOR CODE § 246.5**</div>

11  <div align="center">**(Against ALL Defendants)**</div>

12      36. Plaintiff restates and incorporates by this reference as if fully set forth herein

13  paragraphs 1 through 35 of this Complaint.

14      37. California Labor Code § 246.5(a) states that, "Upon the oral or written request of an

15  employee, an employer shall provide paid sick days for…[d]iagnosis, care, or treatment of an

16  existing health condition of, or preventive care for, an employee or an employee's family

17  member…"

18      38. California Labor Code § 246.5(c) (1) states that, "An employer shall not deny an

19  employee the right to use accrued sick days, discharge, threaten to discharge, demote, suspend or

20  in any manner discriminate against an employee for using accrued sick days, attempting to

21  exercise the right to use accrued sick days, filing a complaint with the department or alleging a

22  violation of this article, cooperating in an investigation or prosecution of an alleged violation of

23  this article, or opposing any policy or practice or act that is prohibited by this article. (2) There

24  shall be a rebuttable presumption of unlawful retaliation if an employer denies an employee the

25  right to use accrued sick days, discharges, threatens to discharge, demotes, suspends, or in any

26  manner discriminates against an employee within 30 days of any of the following:  (A) The filing

27  of a complaint by the employee with the Labor Commissioner or alleging a violation of this

28

<div align="center">8</div>
<div align="center">**COMPLAINT**</div>

B&G BROCK& GONZALES

1    article. (B) The cooperation of an employee with an investigation or prosecution of an alleged

2    violation of this article. (C) Opposition by the employee to a policy, practice, or act that is

3    prohibited by this article.

4         39. As a proximate result of the aforesaid acts of Defendant, Plaintiff has suffered actual,

5    consequential and incidental financial losses, including without limitation, loss of salary and

6    benefits, and the intangible loss of employment related opportunities in her field and damage to

7    her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims

8    such amounts as damages pursuant to California Civil Code § 3287 and/or § 3288 and/or any

9    other provision of law providing for prejudgment interest.

10         40. As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and

11    continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well

12    as the manifestation of physical symptoms. Plaintiff is informed and believes, and thereupon

13    alleges, that she will continue to experience said physical and emotional suffering for a period in

14    the future not presently ascertainable, all in an amount subject to proof at the time of trial.

15         41. The actions taken by Defendant against Plaintiff were made by Defendant's

16    managers, officers, and agents, including the head of its Human Resources Department. The

17    conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights

18    of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided,

19    abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct

20    alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against

21    each Defendant in an amount to be established that is appropriate to punish each Defendant and

22    deter others from engaging in such conduct.

23         42. As a result of the acts of Defendant, Plaintiff is entitled to reasonable attorney's fees

24    and costs of said suit as specifically provided in California Code of Civil Procedure §1021.

25    ///

26    ///

27    ///

28

<div align="center">9

**COMPLAINT**</div>

BROCK&
GONZALES
B&G

**FIFTH CAUSE OF ACTION**

**VIOLATION OF CALIFORNIA LABOR CODE § 233**

**(Against ALL Defendants)**

43. Plaintiff restates and incorporates by this reference as if fully set forth herein paragraphs 1 through 42 of this Complaint.

44. California Labor Code § 233(a) states that, "Any employer who provides sick leave for employees shall permit an employee to use in any calendar year the employee's accrued and available sick leave entitlement, in an amount not less than the sick leave that would be accrued during six months at the employee's then current rate of entitlement, for the reasons specified in subdivision (a) of [Labor Code] Section 246.5."

45. California Labor Code § 233(c) states that, "An employer shall not deny an employee the right to use sick leave or discharge, threaten to discharge, demote, suspend, or in any manner discriminate against an employee for using, or attempting to exercise the right to use, sick leave to attend to an illness or the preventive care of a family member, or for any other reason specified in subdivision (a) of [Labor Code] Section 246.5."

46. Defendant denied Plaintiff's used sick leave to care for a family member and terminated her employment for using such leave. Accordingly, Defendant violated Labor Code § 233.

47. California Labor Code § 233(c) states that, "Any employee aggrieved by a violation of this section shall be entitled to reinstatement and actual damages or one day's pay, whichever is greater, and to appropriate equitable relief."

48. As a proximate result of the aforesaid acts of Defendant, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to California Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

49.  As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms.  Plaintiff is informed and believes, and thereupon alleges, that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

50.  The actions taken by Defendant against Plaintiff were made by Defendant's managers, officers, and agents, including the head of its Human Resources Department. The conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff.  Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

51.  As a result of the acts of Defendant, Plaintiff is entitled to reasonable attorney's fees and costs of said suit as specifically provided in California Code of Civil Procedure §1021.5.

## SIXTH CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

### (Against ALL Defendants)

52.  Plaintiff restates and incorporates by this reference as if fully set forth herein paragraphs 1 through 51 of this Complaint

53.  The FEHA, California Labor Code § 246.5, and California Labor Code § 230.3 reflect public policies of the State of California. Defendant's termination of Plaintiff's employment was in violation of these public policies.

54.  As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of

11

COMPLAINT

1  trial.  Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288

2  and/or any other provision of law providing for prejudgment interest.

3      55.  The actions taken against Plaintiff were carried out and ratified by officers and

4  managers of Defendants. Each Defendant aided, abetted, participated in, authorized, ratified,

5  and/or conspired to engage in the wrongful conduct alleged above.  Plaintiff should, therefore, be

6  awarded exemplary and punitive damages against each Defendant in an amount to be established

7  that is appropriate to punish each Defendant and deter others from engaging in such conduct in

8  the future.

9                    **SEVENTH CAUSE OF ACTION**

10                    **DECLARATORY RELIEF**

11                    **(Against ALL Defendants)**

12      56.  Plaintiff restates and incorporates by this reference as if fully set forth herein

13  paragraphs 1 through 55 of this Complaint.

14      57.  California Government Code § 12920 sets forth the public  policy of the State of

15  California as follows: "It is hereby declared as the public policy of this state that it is necessary

16  to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold

17  employment without discrimination or abridgment on account of race, religious creed, color,

18  national origin, ancestry, physical disability, mental disability, medical condition, genetic

19  information, marital status, sex, gender, gender identity, gender expression, age, or sexual

20  orientation. It is recognized that the practice of denying employment opportunity and

21  discriminating in the terms of employment for these reasons foments domestic strife and unrest,

22  deprives the state of the fullest utilization of its capacities for development and advancement,

23  and substantially and adverse effects the interests of employees, employers, and the public in

24  general. Further, the practice of discrimination because of race, color, religion, sex, gender,

25  gender identity, gender expression, sexual orientation, marital status, national origin, ancestry,

26  familial status, source of income, disability, or genetic information in housing accommodations

27  is declared to be against public policy. It is the purpose of this part to provide effective remedies

28

12

**COMPLAINT**

1    that will eliminate these discriminatory practices. This part shall be deemed an exercise of the

2    police power of the state for the protection of the welfare, health, and peace of the people of this

3    state.

4        58.  California <u>Government Code</u> §12920.5 embodies the intent of the California

5    legislature and states:  "In order to eliminate discrimination, it is necessary to provide effective

6    remedies that will both prevent and deter unlawful employment practices and redress the adverse

7    effects of those practices on aggrieved persons. To that end, this part shall be deemed an exercise

8    of the Legislature's authority pursuant to Section 1 of Article XIV of the California

9    Constitution."

10       59.  Moreover, California <u>Government Code</u> §12921, subdivision (a) says in pertinent

11   part: "The opportunity to seek, obtain, and hold employment without discrimination because of

12   race, religious creed, color, national origin, ancestry, physical disability, mental disability,

13   medical condition, genetic information, marital status, sex, gender, gender identity, gender

14   expression, age, or sexual orientation is hereby recognized as and declared to be a civil right."

15       60.  An actual controversy has arisen and now exists between Plaintiff and Defendants

16   concerning their respective rights and duties as it is believed that Defendants may allege that

17   Plaintiff's termination was based on a non-discriminatory, legitimate reason and Plaintiff's race,

18   and/or association and/or retaliation was not a substantial motivating factor for the decision.

19       61.  Pursuant to <u>Code of Civil Procedure</u> §1060, Plaintiff desires a judicial determination

20   of her rights and duties, and a declaration that her race and/or association and/or retaliation was a

21   substantial motivating factor in the decision to terminate her.

22       62.  A judicial declaration is necessary and appropriate at this time under the

23   circumstances in order that Plaintiff, for himself and on behalf of employees of the State of

24   California and in conformity with the public policy of the State, obtain a judicial declaration of

25   the wrongdoing of Defendants and to condemn such discriminatory employment policies or

26   practices. (*See* <u>Harris v. City of Santa Monica</u> (2013).)

27

28

B&G | BROCK &
GONZALES

1   63. Judicial declaration is necessary and appropriate at this time such that Defendants
2   may also be aware of its obligations under the law to not engage in discriminatory practices and
3   violate the law.

4   64. California <u>Government Code</u> §12965(b) provides that an aggrieved party, such as the
5   Plaintiff herein, may be awarded reasonable attorney's fees and costs. "In civil actions brought
6   under this section, the court, in its discretion, may award to the prevailing party, including the
7   department, reasonable attorney's fees and costs, including expert witness fees." Such fees and
8   costs expended by an aggrieved party may be awarded for the purpose redressing, preventing, or
9   deterring discrimination.

<div align="center">

**EIGHTH CAUSE OF ACTION**

**INJUNCTIVE RELIEF**

**(Against ALL Defendants)**

</div>

13   65. Plaintiff restates and incorporates by this reference as if fully set forth herein
14   paragraphs 1 through 65 of this Complaint.

15   66. The acts and omissions of the Defendants, and each of them, have caused irreparable
16   harm to Plaintiff and will continue to cause irreparable harm to current employees unless the
17   complained of conduct is enjoined. There is no immediate, adequate or speedy remedy at law to
18   redress the continuing discriminatory and retaliatory policies and practices of Defendants, and,
19   therefore, Plaintiff seeks affirmative and injunctive relief as follows:

20   a. for an injunction restraining Defendants, and each of them, from continuing or
21   maintaining any policy, practice, custom or usage which is retaliatory in nature
22   against any employee exercising his/her rights under the FEHA;

23   b. for an injunction restraining Defendant, along with its supervising employees,
24   agents and all those subject to its control or acting in concert with it from causing,
25   encouraging, condoning or permitting the practice of discrimination, retaliation
26   and willful violations of FEHA;

27
28

<div align="center">

14
**COMPLAINT**

</div>

B&G BROCK& GONZALES

1        c.   for affirmative relief requiring Defendants, and each of them, to conduct training

2              of all employees to "sensitize" them to the harmful nature of discriminating and

3              retaliating against an employee exercising his/her rights under FEHA. The

4              proposed plan of education and training should also include training and

5              detection, and correction and prevention of such retaliatory practices;

6        d.   for affirmative relief requiring Defendants, and each of them, to notify all

7              employees and supervisors, through individual letters and permanent postings in

8              prominent locations in all offices that discrimination and retaliation violates the

9              California Fair Employment and Housing Act and the consequences of violation

10             of such laws and policies;

11      e.   for affirmative relief requiring Defendants, and each of them, to develop clear and

12            effective policies and procedures for employees complaining of discrimination,

13            retaliation or violations of FEHA so they may have their complaints promptly and

14            thoroughly investigated (by a neutral fact finder) and informal as well as formal

15            processes for hearing, adjudication and appeal of the complaints; and

16      f.   for affirmative relief requiring Defendants, and each of them, to develop

17            appropriate sanctions or disciplinary measures for supervisors or other employees

18            who are found to have committed discriminatory and/or retaliatory acts, including

19            warnings to the offending person and notations in that person's employment

20            record for reference in the event future complaints are directed against that

21            person, and dismissal where other measures fail.

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28

<center>15</center>
<center>**COMPLAINT**</center>

1    **WHEREFORE, Plaintiff prays for judgment as follows:**

2        1.  For general damages, according to proof;

3        2.  For special damages, according to proof;

4        3.  For punitive damages;

5        4.  For medical expenses and related items of expense, according to proof;

6        5.  For loss of earnings, according to proof;

7        6.  For attorneys' fees, according to proof;

8        7.  For prejudgment interest, according to proof;

9        8.  For costs of suit incurred herein;

10       9.  For declaratory relief;

11       10. For injunctive relief; and

12       11. For such other relief and the Court may deem just and proper.

14                      **DEMAND FOR JURY TRIAL**

15   Plaintiff hereby demands a trial by jury.

18   DATED:    November 12, 2020              BROCK & GONZALES, LLP

21                              By:    _____

22                                     TIMOTHY J. GONZALES

23                                     D. AARON BROCK

24                                     Attorneys for Plaintiff

28                                    16
                                 **COMPLAINT**

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:** *(AVISO AL DEMANDADO):* SOUTHWEST AIRLINES CO., a Texas corporation; and DOES 1-50, inclusive, **YOU ARE BEING SUED BY PLAINTIFF:** *(LO ESTÁ DEMANDANDO EL DEMANDANTE):* SENEE ROBINSON, an individual, | **FOR COURT USE ONLY** *(SOLO PARA USO DE LA CORTE)* E-FILED 11/17/2020 10:23 AM Clerk of Court Superior Court of CA, County of Santa Clara 20CV373548 Reviewed By: D Harris Envelope: 5308918 |

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Superior Court of the State of California For the County of Santa Clara 191 N. First Street, San Jose, CA 95113 | CASE NUMBER: *(Número del Caso):* 20CV373548 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Brock & Gonzales LLP, 6701 Center Drive West, Ste. 610, Los Angeles, CA 90045, (310) 294-9595

| DATE: *(Fecha)* 11/17/2020 10:23 AM | Clerk of Court Clerk, by *(Secretario)* | D Harris | , Deputy *(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*



[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* SOUTHWEST AIRLINES CO., a Texas corporation
   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)          ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courts.ca.gov |

For your protection and privacy, please press the Clear This Form button after you have printed the form.     Print this form    Save this form           Clear this form

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>D. Aaron Brock SBN: 241919, Christopher P. Brandes SBN: 282801<br>Brock & Gonzales LLP<br>6701 Center Drive West, Ste. 610, Los Angeles, CA 90045 | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: (310) 294-9595    FAX NO. *(Optional)*:<br>ATTORNEY FOR *(Name):* Plaintiff, Senee Robinson | **Electronically Filed<br>by Superior Court of CA,<br>County of Santa Clara,<br>on 11/17/2020 10:23 AM<br>Reviewed By: D Harris<br>Case #20CV373548<br>Envelope: 5308916** |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA<br>STREET ADDRESS: 191 N. First Street<br>MAILING ADDRESS: 191 N. First Street<br>CITY AND ZIP CODE: San Jose, 95113<br>BRANCH NAME: DOWNTOWN SUPERIOR COURT (DTS) | |
| CASE NAME:<br>Senee Robinson v. Southwest Airlines Co. | |

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER:<br>20CV373548 |
|---|---|---|---|
| [x] **Unlimited**<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] **Limited**<br>(Amount<br>demanded is<br>$25,000) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>*(Cal. Rules of Court, rule 3.402)* | JUDGE:<br><br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [x] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [x] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action *(specify):* 8
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 11/17/2020

D. Aaron Brock
_____
(TYPE OR PRINT NAME)                                 (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |
|---|---|---|

**ATTACHMENT CV-5012**    D Harris

## CIVIL LAWSUIT NOTICE
*Superior Court of California, County of Santa Clara*    CASE NUMBER: _____ 20CV373548 _____
*191 North First St., San José, CA 95113*

<div style="border:1px solid black; text-align:center;">

### PLEASE READ THIS ENTIRE FORM

</div>

***PLAINTIFF*** (the person suing): Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint, Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

---

***DEFENDANT*** (The person sued): **You must do each of the following to protect your rights:**

1. You must file a **written response** to the *Complaint, using the proper legal form or format,* in the Clerk's Office of the Court, within **30 days** of the date you were served with the *Summons* and *Complaint*;
2. You must serve by mail a copy of your written response on the Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

   **Warning: If you, as the Defendant, do not follow these instructions, you may automatically lose this case.**

---

***RULES AND FORMS:*** You must follow the California Rules of Court and the Superior Court of California, County of <_CountyName_> Local Civil Rules and use proper forms. You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 201 North First Street, San José (408-882-2900 x-2926).

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1tcc.htm

***CASE MANAGEMENT CONFERENCE (CMC):*** You must meet with the other parties and discuss the case, in person or by telephone at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

   ***You or your attorney must appear at the CMC.*** *You may ask to appear by telephone – see Local Civil Rule 8.*

<div style="border:1px solid black;">

Your Case Management Judge is: _____ Manoukian, Socrates P _____ Department: _____

The 1st CMC is scheduled for: (Completed by Clerk of Court)
   Date: 03/30/2021 Time: 3:00 pm in Department: 20

The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed)
   Date: _____ Time: _____ in Department: _____

</div>

***ALTERNATIVE DISPUTE RESOLUTION (ADR):*** If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

***WARNING:*** Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>D. Aaron Brock, Esq. | SBN: 241919<br>**BROCK & GONZALES LLP**<br>6701 Center Drive West Ste 610   Los Angeles, CA 90045<br><br>TELEPHONE NO.: (310) 694-3590 \| FAX NO. (310) 961-3673 \| E-MAIL ADDRESS ab@brockgonzales.com<br>ATTORNEY FOR *(Name)*: Plaintiff Senee Robinson: | *FOR COURT USE ONLY*<br><br>System System<br><br>**Electronically Filed<br>by Superior Court of CA,<br>County of Santa Clara,<br>on 1/6/2021 11:56 AM<br>Reviewed By: System System<br>Case #20CV373548<br>Envelope: 5585534** |

**Santa Clara County Superior Court**

STREET ADDRESS: 191 N First Street
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME:

CASE NUMBER:

20CV373548

PLAINTIFF/PETITIONER: SENEE ROBINSON, an individual
DEFENDANT/RESPONDENT: SOUTHWEST AIRLINES CO., a Texas corporation

| | |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>Robinson v. Southwest |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☑ Summons
   b. ☑ Complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet
   e. ☐ Cross-Complaint
   f. ☑ other *(specify documents):*  **Civil Lawsuit Notice**

3. a.  Party served *(specify name of party as shown on documents served):*
   **SOUTHWEST AIRLINES CO., a Texas corporation**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under
      item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      **CSC Lawyers Incorporating Service, Registered Agent, by Serving Susie Vang - Authorized Agent**
      **Age: 26- 30 \| Weight: 121-140 Lbs \| Hair: Black \| Sex: Female \| Height: 5'1 - 5'6 \| Eyes: Brown \| Race: Asian**

4. Address where the party was served:   **2710 Gateway Oaks Dr., Ste 150N**
   **Sacramento, CA 95833-3502**

5. I served the party *(check proper box)*
   a. ☑ **by personal service.**   I personally delivered the documents listed in item 2 to the party or person authorized to
      receive service of process for the party (1) on *(date):* **1/5/2021**     (2) at *(time):* **9:40 AM**

   b. ☐ **by substituted service.** On *(date):*   at  *(time):*   I left the documents listed in item 2 with or
      in the presence of *(name and title or relationship to person indicated in item 3b):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the
         person to be served.  I informed him of her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of
         abode of the party.  I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing
         address of the person to be served, other than a United States Postal Service post office box.  I informed him of
         her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the
         place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on
         *(date):*   from *(city):*                          **or** ☐  a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| | | |
|---|---|---|
| Form Approved for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>**POS010-1/LA114631** |

| PETITIONER: | SENEE ROBINSON, an individual | CASE NUMBER: |
| RESPONDENT: | SOUTHWEST AIRLINES CO., a Texas corporation | 20CV373548 |

c. ☐ **by mail and acknowledgment of receipt of service.**  I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                   (2) from  *(city):*

    (3) ☐ with two copies of the  *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgment of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of  *(specify):*

c. ☐ as occupant.

d. ☑ On behalf of **SOUTHWEST AIRLINES CO., a Texas corporation**
under the following Code of Civil Procedure section:

    ☑ 416.10 (corporation)            ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)      ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)            ☐ 415.46 (occupant)
                             ☐ other:

7. **Person who served papers**

    a. Name:  **Deja Monae Jefferson - Nationwide Legal, LLC REG: 12-234648**

    b. Address:  **1609 James M Wood Blvd.  Los Angeles, CA 90015**

    c. Telephone number:  **(213) 249-9999**

    d. **The fee** for service was: **$ 147.00**

    e. I am:

      (1) ☐ not a registered California process server.

      (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

      (3) ☑ registered California process server:
         (i) ☐ owner    ☐ employee    ☑ independent contractor.
         (ii) Registration No.: **2019-60**
         (iii) County: **Sacramento**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **1/5/2021**

**N**   **Nationwide Legal, LLC**
**1609 James M Wood Blvd.**
**Los Angeles, CA 90015**
**(213) 249-9999**
**www.nationwideasap.com**

_____
**Deja Monae Jefferson**           ▶              _____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

# EXHIBIT B

CARA F. BARRICK, CA Bar No. 303107
cara.barrick@ogletree.com
ANDREW M. MASSARA, CA Bar No. 282913
andrew.massara@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
One Embarcadero Center, Suite 900
San Francisco, CA  94111
Telephone:     415-442-4810
Facsimile:     415-442-4870

Attorneys for Defendant
SOUTHWEST AIRLINES, CO.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SANTA CLARA

| | |
|---|---|
| SENEE ROBINSON, | Case No. 20CV373548 |
| Plaintiff,, | **DEFENDANT SOUTHWEST AIRLINES CO.'S ANSWER TO PLAINTIFF SENEE ROBINSON'S COMPLAINT** |
| vs. | |
| SOUTHWEST AIRLINES CO., a Texas corporation; and DOES 1-50, inclusive, | |
| Defendants. | Action Filed:       November 17, 2020 |

Defendant Southwest Airlines Co. ("Defendant") hereby answers the unverified Complaint ("Complaint") brought by Plaintiff Senee Robinson ("Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to the provisions of section 431.30(d) of the California Code of Civil Procedure, Defendant denies, generally and specifically, each and every purported allegation and cause of action contained in Plaintiff's Complaint, and further denies, generally and specifically, that Plaintiff is entitled to damages or to any other relief whatsoever.

Additionally, Defendant asserts the following affirmative defenses and prays for judgment as set forth below.

## AFFIRMATIVE DEFENSES

As separate and affirmative defenses to the Complaint and each cause of action, claim and allegation contained therein, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

### (Failure to Exhaust Contractual Remedies)

1.    The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because Plaintiff failed to exhaust her contractual remedies.

### SECOND AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

2.    The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because Plaintiff failed to exhaust her administrative remedies.

### THIRD AFFIRMATIVE DEFENSE

### (Statute of Limitations)

3.    The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, by the applicable statute of limitations including, but not limited to, sections 335.1, 338, 340, and 343 of the California Code of Civil Procedure; sections 12960 and 12965 of the California Government Code; and any other applicable statutes.

//

**FOURTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

4.      Plaintiff is barred, in whole or in part, from recovering any damages, or any recovery of damages must be reduced, excused, and/or discharged, by virtue of Plaintiff's failure to exercise reasonable diligence to mitigate her alleged damages.

**FIFTH AFFIRMATIVE DEFENSE**

**(Same Decision)**

5.      The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because to the extent that Plaintiff can prove that any mixed motive discrimination or retaliation occurred (all of which Defendant denies), the same decision would have been made anyway for non-discriminatory or non-retaliatory reasons.

**SIXTH AFFIRMATIVE DEFENSE**

**(Avoidable Consequences)**

6.      The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, by the avoidable consequences doctrine, in that Defendant took reasonable steps to prevent and correct any alleged workplace discrimination and/or retaliation, Plaintiff unreasonably failed to use the preventive and corrective measures that Defendant provided, and the reasonable use of Defendant's procedures would have prevented some or all of the alleged harm.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Laches)**

7.      The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, by the equitable doctrine of laches.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

8.      The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because Plaintiff has or has had unclean hands with respect to the matters alleged in the Complaint.

//

DEFENDANT SOUTHWEST AIRLINES CO.'S ANSWER TO PLAINTIFF SENEE ROBINSON'S COMPLAINT

## NINTH AFFIRMATIVE DEFENSE

### (Setoff, Offset, and/or Recoupment)

9.      Defendant alleges that some or all of the purported causes of action in the Complaint are subject to setoff, offset, and/or recoupment.

## TENTH AFFIRMATIVE DEFENSE

### (Estoppel)

10.      The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because Plaintiff is estopped by her own acts, omissions, representations, and/or courses of conduct from asserting the causes of action upon which she seeks

## ELEVENTH AFFIRMATIVE DEFENSE

### (Privileged Conduct)

11.      The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because Defendant was exercising its legal rights or protecting its economic interests, Defendant's conduct was lawful and consistent with community standards, and Defendant had a good faith belief that it had a legal right to engage in the conduct.

## TWELFTH AFFIRMATIVE DEFENSE

### (Waiver)

12.      The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, by the doctrine of waiver.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

13.      The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because Plaintiff fails to state facts sufficient to constitute a cause of action upon which relief can be granted against Defendant.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (After Acquired Evidence)

14.      The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, by the doctrine of after acquired evidence.

### FIFTEENTH AFFIRMATIVE DEFENSE

#### (No Vicarious Liability)

15.     To the extent that any unlawful or other wrongful acts were committed by any person(s) employed by Defendant, such acts, if any, were outside the scope of their authority and were neither authorized, ratified, nor condoned by Defendant, nor did Defendant know or have reason to know of such conduct.

### SIXTEENTH AFFIRMATIVE DEFENSE

#### (Section 301 Preemption)

16.     The Complaint, and each purported cause of action alleged therein, are preempted by section 301 of the Labor Management Relations Act of 1947.

### SEVENTEENTH AFFIRMATIVE DEFENSE

#### (Standing)

17.     The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because Plaintiff lacks standing to assert some or all of the claims asserted and/or to seek some or all of the relief sought.

### EIGHTEENTH AFFIRMATIVE DEFENSE

#### (Workers' Compensation Exclusivity)

18.     The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because Plaintiff's exclusive remedy for any alleged damages is governed by the California Workers' Compensation Act.  Cal. Lab. Code, §§ 3200 *et seq*.

### NINETEENTH AFFIRMATIVE DEFENSE

#### (Legitimate, Non-Discriminatory, Non-Retaliatory Reasons)

19.     The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because Defendant had legitimate, non-discriminatory, non-retaliatory reasons for its conduct toward Plaintiff.

//

//

//

1

## RESERVATION OF RIGHTS

2          Defendant reserves the right to assert any additional defenses and matters in avoidance that

3    may be disclosed during the course of additional investigation and discovery, when and if the same

4    have been ascertained.

5

## PRAYER

6          WHEREFORE, Defendant prays for judgment as follows:

7          1.      For entry of judgment in favor of Defendant and against Plaintiff;

8          2.      That Plaintiff takes nothing by way of the Complaint;

9          3.      That Defendant be awarded costs of suit incurred herein;

10         4.      For reasonable attorneys' fees; and

11         5.      For any further relief as the Court deems necessary and just.

12

13

14   DATED:  February 3, 2021                    OGLETREE, DEAKINS, NASH, SMOAK &
                                                 STEWART, P.C.
15

16

17                                               By: _____

18                                                   CARA E. BARRICK
                                                     ANDREW M. MASSARA
19
                                                 Attorneys for Defendant SOUTHWEST
20                                               AIRLINES, CO.

21

22                                                                              45887450.1

23

24

25

26

27

28

# PROOF OF SERVICE

*Senee Robinson v. Southwest Airlines, Co.*
Santa Clara Superior Court Case No. 20CV373548

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made.  At all times herein mentioned I have been employed in the County of Alameda, in the office of a member of the bar of this court at whose direction the service was made.  My business address is One Embarcadero Center, Suite 900, San Francisco, CA 94111.

On February 3, 2021, I served the following document(s):

**DEFENDANT SOUTHWEST AIRLINES CO.'S ANSWER TO
PLAINTIFF SENEE ROBINSON'S COMPLAINT**

on the person(s) and address(es) listed below by the method indicated:

| | |
|---|---|
| D. Aaron Brock, Esq.<br>Christopher P. Brandes, Esq.<br>BROCK & GONZALES, LLP<br>6701 Center Drive West, Suite 610<br>Los Angeles, CA 90045<br>Telephone:  (310) 294-9595<br>Facsimile:   (310) 961-3673<br>ab@brockgonzales.com<br>cb@brockgonzales.com | *Attorneys for Plaintiff Senee Robinson* |

☐ **BY MAIL:**  I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **BY OVERNIGHT DELIVERY:**  I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., San Francisco, California.  I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collection and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☐ **BY FACSIMILE** by transmitting a facsimile transmission a copy of said document(s) to the following addressee(s) at the following number(s), in accordance with:

☐ the written confirmation of counsel in this action:

☐ [State Court motion, opposition or reply only] Code of Civil Procedure section 1005(b):

☐ [Federal Court] the written confirmation of counsel in this action and order of the court:

1   ⊠    **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an
2        agreement of the parties to accept service by e-mail or electronic transmission, I caused the
         documents to be sent to the person[s] at the e-mail addresses listed on the attached service
3        list. I did not receive, within a reasonable time after the transmission, any electronic
         message or other indication that the transmission was unsuccessful.

4            I declare under the penalty of perjury under the the laws of the State of California that the
5    above is true and correct. Executed on February 3, 2021, at Antioch, California.

6

7                                    _____
                                              Jessica E. Libbey
8
                                                                        45887450.1
9
                                                                        45887450.1
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28